IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-00301-01-CR-W-DGK |
| ) | |
| KESHAUN REESE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending is Defendant's Emergency Motion to Reconsider Order of Detention, which was filed on December 18, 2020. Doc. 18. The Court expedited the response deadline, and the Government filed its Opposition on December 22, 2020. Doc. 20. The undersigned held a hearing on Defendant's motion on December 28, 2020. Doc. 22. After reviewing the record, the parties' briefs, and arguments made during the initial detention hearing and the December 28, 2020 hearing, the Court finds Defendant's Emergency Motion to Reconsider Order of Detention should be DENIED.

### I. Background

Defendant is charged by grand jury indictment with one count of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); one count of possession of a machinegun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); one count of possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871; and one count of being a drug user in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Doc. 1.

On October 27, 2020, the Court held a detention hearing. Doc. 14. At the hearing, the parties stipulated to the bond report prepared by the Probation and Pretrial Services Office. *Id.* The Government adduced testimony from FBI Special Agent Wes Lambright, and Defendant proffered letters of support. *Id.* After considering the evidence and counsel's arguments, the Court ordered Defendant detained pending further proceedings. Doc. 12. The Court applied the statutory presumption of detention set forth in 18 U.S.C. § 3142(e)(3), which provides, "[s]ubject to rebuttal, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed" one of the enumerated offenses, which includes, *inter alia,* an offense under 18 U.S.C. § 924(c). *Id.* at 2. The Court found Defendant did not introduce sufficient evidence to rebut the statutory presumption of detention. *Id.* The Court also expressed concern about the weight of the evidence offered by the Government during the detention hearing, including Defendant's recent instances involving alleged controlled substances and weapons, and one instance where Defendant was allegedly involved in a police chase with speeds exceeding 100 miles per hour. *Id.* at 3.

On December 18, 2020, Defendant filed an Emergency Motion to Reconsider Order of Detention arguing there is new evidence, as defined in 18 U.S.C. § 3142(f), that has become available since the initial detention hearing. Doc. 18 at 1. Relying on a study from the Journal of the American Medical Association and data from the Federal Bureau of Prisons ("BOP"), Defendant contends he is at an increased risk for contracting COVID-19 in a prison or detention facility.[1] *Id.* at 5-6. Defendant's motion acknowledges, however, that similar arguments were made during the initial detention hearing concerning Defendant's pulmonary fibrosis, his potential

---

[1] Defendant's motion observes there is "no easily accessible repository of data for local detention centers" such as Lafayette County Jail where Defendant is currently detained. Doc. 18 at 6.

increased susceptibility to COVID-19 in jail, and the possibility of COVID-19 cases at the Lafayette County Jail. *Id.* at 4. He also contends that, according to a recent report from the Centers for Disease Controls and Prevention ("CDC"), corticosteroids (which he was recently prescribed) may increase the chance for more severe illness due to COVID-19. *Id.* at 9.

Defendant alleges he has suffered from sneezing, coughing, headaches, back aches, a sore throat, and chills since November 12, 2020. *Id.* at 7. He was taken to a hospital for a Strep test and a COVID-19 test; the Strep test was negative, and the COVID test was "not detected." *Id.* at 8-9. Based "upon information and belief," Defendant further contends he was placed with a cellmate who may have tested positive for COVID-19, jail personnel do not always wear masks when interacting with detainees, detainee areas are not sanitized on a regular basis, and there is no lasting separation of inmates who have COVID-19 symptoms from other inmates. *Id.* at 8-9.

In opposition, the Government argues Defendant has not presented any specific evidence regarding the Lafayette County Detention Center and its pandemic response. Doc. 20 at 3. The Government contends the study from the Journal of American Medical Association and the BOP data have no specific correlation to Lafayette County, and the study predates the original detention hearing in this case. *Id.* The Government observes Defendant has not presented specific medical testimony or other relevant evidence concerning his health condition. *Id.* According to the Government, the CDC studies on corticosteroids involved children on immunosuppressive medication, and individuals with liver disease, multiple sclerosis, inflammatory bowel diseases, or rheumatic diseases. *Id.* at 5. The Government writes, "Defendant does not belong to any of these classes of individuals, and Defendant does not present any specific medical evidence that his taking of corticosteroids for two separate three-day periods endangers him any way from COVID-19."

3

*Id.* Regarding Defendant's argument that his health has deteriorated, the Government points out this assertion is not supported by affidavit, testimony, or other evidence. *Id.*

The Court held a hearing on Defendant's motion on December 28, 2020. The Court took judicial notice of the evidence presented at the first detention hearing. Both counsel presented oral arguments. Defendant offered a personal letter that was received by the Court during the hearing. No additional evidence was offered or adduced (including through proffers) by either party at the hearing.

**II.    Discussion**

By its express terms, reconsideration under 18 U.S.C. § 3142(f) is permissible "only when there is new information that would materially influence the judgment about whether there are conditions of release that will reasonably assure that the defendant will not flee and will not harm any other person or the community." *United States v. Cisneros,* 328 F.3d 610, 614 (10th Cir. 2003). Based on the record before it, the Court finds Defendant's continued detention is warranted. The information in Defendant's reconsideration motion has no material bearing on whether there are conditions of release that will reasonably assure his appearance at future court proceedings and the safety of the community. While the Court is sympathetic to general concerns about the possibility of contracting COVID-19 and the restrictions a jail facility places on one's ability to socially distance, such concerns are not the only determinant of whether detention is appropriate under section 3142.

Defendant's reliance on general studies regarding COVID-19 were not specific to local jail facilities, including Lafayette County. In Defendant's reconsideration motion, the information

4

specific to Lafayette County was alleged only "upon information and belief."[2]  Further, the Government correctly points out the CDC study involving corticosteroids and a heightened risk for complications from COVID-19 involved people with liver disease, children on immunosuppressive medication, people with multiple sclerosis, people with inflammatory bowel disease, and people with rheumatic disease.  Doc. 20 at 5.  Defendant does not establish he falls in any of these categories.

Other than three pages of medical records, which reveal Defendant saw a doctor for a runny nose and cough, and was diagnosed with sinusitis, Defendant did not present any medical evidence concerning his current health condition and diagnosis, any heightened risks for COVID-19 due to his condition, the heightened risk of medications recently prescribed by a healthcare professional, or any evidence concerning his future treatment plan in the community.

Defendant is charged with serious crimes, one of which is subject to the statutory presumption of detention.  The Government adduced significant evidence at the original detention hearing that suggested Defendant engaged in dangerous conduct that presents a flight risk and a safety risk to the community.  This evidence included Defendant's alleged attempt to flee from law enforcement in a car chase that reached speeds of 100 miles per hour on a public highway that ended in a crash into a guardrail.  The evidence also suggested Defendant allegedly possessed a machinegun during the car chase.  The information in the reconsideration motion does not negate or alleviate the Court's concerns about flight risk and the safety of the community.

---

[2] To the extent Defendant sought to "proffer" the information concerning the Lafayette County Detention Center alleged in the reconsideration motion, the Government formally objected to any such proffers in its opposition pleading.  *See* Doc. 20 at 7, n.6.  Defendant did not present any evidence, including proffers, concerning the jail facility during the December 28, 2020 hearing.  Although 18 U.S.C. § 3142(f) allows evidence to be adduced by proffer, the Court finds the information and contentions in Defendant's motion, including those made "upon information and belief," are not sufficiently reliable to accept as a proffer of evidence.

Based on the foregoing, the Defendant's Emergency Motion to Reconsider Order of Detention (Doc. 29) is **DENIED**. Defendant shall remain detained in the custody of the United States Marshal pending further proceedings in this case.

**IT IS SO ORDERED.**


DATE: January 15, 2021           */s/ W. Brian Gaddy*
                                 W. BRIAN GADDY
                                 UNITED STATES MAGISTRATE JUDGE